UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-4383(DSD/LIB)

Todd Smith-Bunge,

       Plaintiff,

v.                                                          **ORDER**

Wisconsin Central, Ltd.,
a corporation,

       Defendant.

       Jeff Dingwall, Esq and Eight & Sand, 550 West B Street, Suite Fourth Floor, San Diego, CA 92101, counsel for plaintiff.

       Emily A. McNee, Esq and Littler Mendelson, PC, 80 South 8th Street, Suite 1300, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for review of taxation of costs by plaintiff Todd Smith-Bunge. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion in part.

**BACKGROUND**

On August 31, 2017, the court granted defendant Wisconsin Central, Ltd.'s motion for summary judgment on Smith-Bunge's Federal Railroad Safety Act (FRSA) claim. On January 1, 2018, the parties agreed to dismiss the remaining Federal Employers Liability Act claim (FELA). On April 18, 2018, the clerk of court taxed $11,265.32 in favor of Wisconsin Central. Smith-Bunge now moves for review of the cost judgment, raising several objections.

**DISCUSSION**

**I.   Prevailing Party**

Smith-Bunge first argues that the court should not consider Wisconsin Central the prevailing party because it only prevailed on the FRSA claim.  This argument is wholly without merit.

A party who prevails as to a substantial part of the litigation is considered the "prevailing party" under Fed. R. Civ. P. 54(d), "even if it has not succeeded on all of its claims." SuperTurf, Inc. v. Monsanto Co., 660 F.2d 1275, 1287-88 (8th Cir. 1981); see also Testa v. Village of Mundelein, Ill., 89 F.3d 443, 447 (8th Cir. 1996)("[T]he prevailing part is the party who prevails as to the substantial part of the litigation.").  Here, Wisconsin Central prevailed on the FRSA claim, and the parties agreed to dismiss the FELA claim.  Accordingly, the court finds that Wisconsin Central is the prevailing party.  See Walton v. Autorol Corp., No. 3:95-CV-0926-R, 1998 WL 531881, at *1 (N.D. Tex. Aug. 18, 1998)(holding that plaintiff was prevailing party where court granted partial summary judgment in favor of plaintiff and remaining claims were dismissed by stipulation).

**II.  Taxable Costs**

The court has "substantial discretion" in awarding costs to a prevailing party under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d).  Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997).  Unless a federal statute, rules, or court order

provides otherwise, "costs - other than attorney's fees - should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1). Smith-Bunge has the burden to show that the cost judgment "is inequitable under the circumstances."  Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002)(citation and internal quotation marks omitted).

   A.   **Deposition of Todd Smith-Bunge**

Smith-Bunge objects to the taxation of costs incurred by defendants in deposing him.  He argues, without citation to legal authority, that Wisconsin Central failed to apportion the costs of the deposition between testimony that was relevant to the successful FRSA claim and the dismissed FELA claim.  The court is not persuaded.

The court believes it would be inappropriate to reduce the costs of a deposition based on the percentage of the testimony that was relevant to the successful claim.  Not only would such an undertaking be overly burdensome, "there is a strong presumption that a prevailing party shall recover [taxable costs] in full measure."  Concord Boat, 309 F.3d at 498 (citation and internal quotation marks omitted).  Indeed, the Eighth Circuit has rejected the argument that costs should not be awarded for depositions related to unsuccessful claims.  Zotos, 121 F.3d at 363.  The key question in awarding costs is not what percentage of the deposition was relevant to the successful claim, but rather, whether the

deposition was "necessarily obtained for use in [a] case and was not purely investigative." Id. (citation and internal quotation marks omitted)(alteration in original).  Here, Smith-Bunge's deposition was reasonably necessary because he was the plaintiff. As a result, the cost of the deposition was properly taxed.[1]

Smith-Bunge also objects to the taxation of $1,653.75 for the video recording of his deposition, arguing it was not reasonably necessary.  Both video recordings and written transcripts for the same deposition are taxable if they are reasonably necessary. Stanley v. Cottrell, Inc., 784 F.3d 454, 467 (8th Cir. 2015). Wisconsin Central argues that a video recording of the deposition was reasonably necessary because although Smith-Bunge was expected to testify at trial, his ongoing medical condition and treatment could have prevented him from doing so.  The court is not persuaded that a video recording was reasonably necessary.

Both in the submitted bill of costs and their moving papers, Wisconsin Central vaguely refers to Smith-Bunge's health issues, but without specific evidence showing that those health issues would make Smith-Bunge unable to testify at trial.  This is insufficient to show that such costs were reasonably necessary. See Golan v. Veritas Ent'mt, LLC, No 4:14-CV-00069, 2017 WL 5564538, at *6 (E.D. Mo. Nov. 20, 2017)(refusing to tax costs for

---

[1] For the same reason, the taxation of costs for the depositions of Monte Chapman and Thomas Swalboski is appropriate.

a video recording where there was no evidence indicating that the witness would be unavailable for trial). Accordingly, the court will reduce the taxation of costs awarded to Wisconsin Central by $1,653.75.

**B.   Depositions of Daniel Lofgren and Michael Rogers**

Next, Smith-Bunge objects to the taxation of costs incurred for the depositions of Daniel Lofgren, who was his expert witness, and Michael Rogers. Again, Smith-Bunge argues that these depositions were mostly relevant only to the dismissed FELA claim, but, as discussed above, this is irrelevant.

Additionally, the court finds that the depositions were reasonably necessary because both witnesses had information relevant to the claims and defenses in the case. Lofgren served as plaintiff's expert witness to as to causation, and Rogers was an expert witness during the investigative hearing that served as Wisconsin Central's basis for terminating Smith-Bunge's employment. Further, the court relied on both depositions in granting summary judgment on the FRSA claim. ECF No. 129 at 2; see Ryther v. KARE 11, 864 F. Supp. 1525, 1534 (D. Minn. 1994)("The most direct evidence of necessity is the actual use of a transcript in a court proceeding."). As a result, the clerk properly taxed the costs of these depositions.

### C. Depositions of Tom Bourgonje, Elizabeth Smith-Bunge, and Jonathan Speare

Smith-Bunge also argues that the depositions of Tom Bourgonje, Elizabeth Smith-Bunge, and Jonathan Speare were improperly taxed because their depositions were not submitted by Wisconsin Central in support of their summary judgment motion. But the fact that a deposition was not relied upon by a party in a motion or at trial does not mean that the deposition was not reasonably necessary. See Superior Seafoods Inc. v. Hanft Fride, No. 05-170, 2011 WL 6218286, at *1 (D. Minn. Nov. 21, 2011), R&R adopted by 2011 WL 6218000 (D. Minn. Dec. 14, 2011)("[D]eposition transcripts for witnesses that possess[] information relevant to the claims or defenses in the case may be taxed, even though the transcripts were not used at summary judgment."). The court must determine whether a deposition was necessary "in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." Zotos, 121 F.3d at 363 (citation and internal quotation marks omitted).

Bourgonje's deposition was noticed by Smith-Bunge and was cited by him in his memorandum opposing summary judgment. Although Wisconsin Central did not cite to Bourgonje's deposition, it was reasonably necessary to obtain a transcript so that it could adequately respond to any claims made by Smith-Bunge. See Shukh v. Seagate Tech., LLC, No. 10-404, 2014 WL 4348199, at *4 (D. Minn.

6

Sept 2, 2014), <u>vacated on other grounds by</u> 618 Fed. App'x 678 (Fed. Cir. 2015)("Generally, courts allow the prevailing party to recover the costs for depositions noticed and taken by the losing party.").

Elizabeth Smith-Bunge's and Jonathan Speare's depositions were also reasonably necessary.  Ms. Smith-Bunge, plaintiff's wife, and Jonathan Speare, his treating psychologist, both had relevant information concerning his claims of mental anguish and emotional distress.  Accordingly, the clerk properly taxed the cost of these depositions.

**D.   Incidental Deposition Costs**

Smith-Bunge next objects to the taxation of incidental deposition fees.  Specifically, he argues that fees incurred for shipping, handling, "real legal e-transcript," and "read & sign" are not taxable costs.  The court agrees that these are not taxable costs, but the record reflects that Wisconsin Central withdrew, and the clerk did not tax, these costs.[2]  <u>See</u> ECF No. 148 at 15; ECF No. 162 at 1 n.1.  Smith-Bunge does not point to any other incidental costs that were improperly taxed.  Accordingly, the clerk properly taxed the fees for transcripts.[3]

---

[2] This confusion, and the waste of the court's time, could have been easily avoided had Smith-Bungee filed specific objections to the cost judgment rather than relying on the same memorandum he filed with the clerk objecting to the bill of costs. <u>See</u> D. Minn. LR 54.3(c)(1)(B).

[3] As previously discussed, the court will exclude the fees for the video recording of Smith-Bunge's deposition.

### E.    Photocopying Fees

Finally, Smith-Bunge objects to the taxation of $2,207.02 in copying fees, arguing that they were not reasonably incurred.  The court disagrees.  The record in this case was extensive, comprising more than 900 documents produced by Smith-Bunge, over 300 pages of medical records, and 1,300 pages produced by Wisconsin Central. McNee Decl. ¶ 4.   It is undisputed that most of the fees were incurred in copying these documents for use as exhibits in Smith-Bunge's deposition.  The court agrees with Wisconsin Central that although some of these documents were not ultimately used in the deposition, the copies were reasonably necessary so that counsel could be adequately prepared.   See Ventura v. Kyle, No. 12-472, 2015 WL 12826467, at *4 (D. Minn. Jan. 13, 2015)("[C]ourtesy copies of trial exhibits for the Court and for witnesses are properly taxed under Section 1920(4)."). As a result, the clerk properly taxed $2,207.02 for copying fees.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's motion for review of taxation of costs [ECF No. 169] is granted in part as set forth above; and

      2.  The clerk of court is ordered to amend the cost judgment to reflect a reduction of $1,653.75 for transcript fees.

Dated: June 7, 2018

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court